Kandi Kilkelly Hidde, *pro hac vice* (IN #18033-49)
Darren A. Craig, *pro hac vice* (IN #25534-49)
FROST BROWN TODD LLC
201 N. Illinois Street, Suite 1900
Indianapolis, IN  46204
317-237-3800
Fax: 317-237-3900
khidde@fbtlaw.com
dcraig@fbtlaw.com

Timothy C. Houpt (#1543)
Mark D. Tolman (#10793)
JONES WALDO HOLBROOK & McDONOUGH
170 South Main Street, Suite 1500
Salt Lake City, UT   84101
801-521-3200
Fax: 801-328-0537
thoupt@joneswaldo.com
mtolman@joneswaldo.com

*Attorneys for Anthem Insurance Companies, Inc., and Defenders Inc. Medical Benefits Plan*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL L., AND M.L.,<br><br>      Plaintiffs,<br><br>v.<br><br>ANTHEM BLUE CROSS AND BLUE SHIELD and DEFENDERS INC. MEDICAL BENEFITS PLAN,<br><br>      Defendants. | **DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT**<br><br>Case No. 4:21-cv-00032 - DN<br><br>Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendants Anthem Insurance Companies, Inc., incorrectly named as Anthem Blue Cross and Blue Shield ("**Anthem**") and Defenders Inc. Medical Benefits Plan (the "**Plan**") respectfully

move to dismiss the Complaint under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure or, alternatively, to transfer this action to the United States District Court for the Southern District of Indiana under 28 U.S.C. § 1404(a).

## PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS FOR RELIEF

This ERISA action arises out of a request for medical insurance coverage under the Plan by Plaintiffs Michael L. and M.L. related to services performed in Utah, and the alleged subsequent denial of Plaintiffs' request by Anthem as the Plan's administrator. This Court, however, should not decide the merits of this lawsuit because Utah is not a proper venue for this lawsuit. Plaintiffs are both Indiana residents, the Plan was funded by Defenders, Inc. ("**Defenders**"), which was at all relevant times an Indiana corporation, and Anthem is an Indiana corporation with its principal place of business in Indianapolis. This lawsuit has no connection to Utah, except that the services rendered to M.L. were rendered in Utah. However, Plaintiffs' claims do not take issue with the services rendered but allege Anthem's decision to deny Plaintiffs' request for coverage under the Plan was wrongful under ERISA, 29 U.S.C. §§ 1001–1461. None of Anthem's decision-making process occurred in Utah. Accordingly, this lawsuit should be dismissed for lack of personal jurisdiction and improper venue. Alternatively, for the convenience of the parties and witnesses, and in the interests of justice, the Court should transfer this lawsuit to the United States District Court for the Southern District of Indiana.

## STATEMENT OF FACTS

Plaintiffs reside in Hamilton County, Indiana. (Compl. ¶ 1.) Michael, through his employer Defenders, was a participant in the Plan (*Id.* ¶ 3.) Defenders was an Indiana corporation with its principal place of business in Indianapolis, Indiana. (Certified Copies of

Defenders' Business Records, attached hereto as **Exhibit 1**.)[1] Defenders offered its employees and their families, including Plaintiffs, health benefits through an employee benefits plan. (Declaration of Michelle Kersey ¶ 5, attached hereto as **Exhibit 2**.) Defenders was the sponsor for the Plan. (*Id.* ¶ 7.)

M.L. was a beneficiary of the Plan. (Compl. ¶ 3.) Plaintiffs allege that M.L. was treated from July 26, 2017, through December 17, 2017, at Turn-About Ranch, a residential treatment facility in Utah. (*Id.* ¶ 4.) Other than Plaintiffs' selection of the treatment facility, Plaintiffs have not alleged that this case has any connection to Utah. (*Id.* ¶ 3.)

Anthem is an Indiana corporation headquartered in Indianapolis, Indiana. (Kersey Decl. ¶ 3.) No Anthem employee located in Utah was involved in the actions relevant to this case, and Anthem did not take any action relevant to this case from a location in Utah. (*Id.* ¶ 4.)

Defenders secured health plan benefits for its employees and served as the Plan sponsor. (*Id.* ¶ 6.) The contract between Defenders and Anthem was executed and delivered entirely in Indiana. (*Id.* ¶ 7.) The Plan has been administered in Indiana and had members in Indiana. (*Id.* ¶ 8.)

Plaintiffs allege that M.L. received medical care and treatment at Turn-About Ranch beginning July 26, 2017. (Compl. ¶¶ 4, 15.) Plaintiffs acknowledge that Anthem notified them that coverage would not be provided for further treatment at Turn-About Ranch after August 23, 2017. (*Id.* ¶ 16.) Plaintiffs, however, unilaterally continued M.L.'s treatment at Turn-About Ranch through December 1, 2017. (*Id.* ¶ 4.)

---

[1] Defenders, Inc. no longer exists. Defenders, Inc. converted to Defenders, LLC, effective January 3, 2020. Defenders, LLC was merged into ADT LLC, effective March 31, 2021, with ADT LLC being the surviving entity. (Ex. 1.)

On February 2, 2018, Michael appealed the denial of further treatment at Turn-About Ranch after August 23, 2017. (*Id.* ¶ 17.) Anthem upheld the denial in a letter dated March 22, 2018. (*Id.* ¶ 26.) On July 12, 2018, Michael requested that the denial be evaluated by an external review agency. (*Id.* ¶ 27.) The external review agency upheld the denial on November 13, 2018. (*Id.* ¶ 29.)

## ARGUMENT

### I.   The Complaint should be dismissed for lack of personal jurisdiction.

The Court's exercise of personal jurisdiction over Defendants would not comport with due process because Defendants lack minimum contacts with Utah.

#### A.   Legal Standard

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a court to dismiss a lawsuit if the court lacks personal jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). "The allegations in the complaint must be taken as true" only "to the extent they are uncontroverted by the defendant's affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (quotation marks omitted). The Court may consider matters outside the pleadings in evaluating a motion under Rule 12(b)(2) without converting the motion to one for summary judgment. Fed. R. Civ. P. 12(d).

In federal question cases, courts analyze two factors to determine whether personal jurisdiction exists: "(1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service of process on the defendant and (2) 'whether the exercise of jurisdiction comports with due process'" under the Fifth Amendment. *Peay v. BellSouth Med. Assistance*

*Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)).

"[T]he Fifth Amendment 'protects individual litigants against the burdens of litigation in an unduly inconvenient forum.'" *Id.* at 1212 (quoting *Republic of Panama*, 119 F.3d at 945). To show that a forum is so unduly inconvenient that it implicates due process, "a defendant must first demonstrate 'that his liberty interests actually have been infringed.'" *Id.* (quoting *Republic of Panama*, 119 F.3d at 946). If a defendant meets this standard, jurisdiction is proper "only if the federal interest in litigating the dispute in the chosen forum outweighs the burden imposed on the defendant." *Id.* at 1213 (quoting *Republic of Panama*, 119 F.3d at 948).

**B.**   **Requiring Defendants to litigate in Utah would infringe upon Defendants' liberty interests.**

The first factor is uncontested as Section 1132(e)(2) authorizes nationwide service of process. 29 U.S.C. § 1132(e)(2); *Peay*, 205 F.3d at 1210. Nevertheless, the exercise of personal jurisdiction over Defendants violates due process. Courts consider the following factors in assessing whether litigating in a particular forum would infringe upon a party's Fifth Amendment liberty interests:

> (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.

5

*Peay*, 205 F.3d at 1212. Each factor weighs against exercising personal jurisdiction.

### 1.     Defendants lack minimum contacts with Utah.

Neither Defendant is incorporated or maintains its principal place of business in Utah. Defendants' only connection with Utah relevant to this lawsuit is that a Plan member sought treatment there. Plaintiffs' "unilateral act" cannot establish minimum contacts between Defendants and Utah. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980) ("[T]he mere unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." (quotation marks omitted)).

Dismissal or transfer of this action is consistent with decisions in other ERISA cases involving similar facts. *See, e.g.*, *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 806 (7th Cir. 2002) (affirming dismissal of ERISA case for improper venue under 28 U.S.C. § 1406(a) under the minimum contacts test); *McFarland v. Yegen*, 699 F. Supp. 10, 15 (D.N.H. 1988) (transferring action to New Jersey and holding that ERISA's venue provision was not satisfied where Defendants' only "contact" with the forum state related to treatment sought by plaintiff); *see also Danny P. v. Catholic Health Initiatives*, No. 1:14-CV-00022-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015) (stating *sua sponte* that venue in Utah might not be proper under ERISA, and that dismissal or transfer under § 1406(a) might have been appropriate had it been raised in the moving papers).

### 2.     Inconvenience, judicial economy, and the probable situs of discovery weigh against the exercise of jurisdiction.

The second, third, and fourth *Peay* factors—inconvenience, judicial economy, and the situs of discovery—all weigh against the exercise of personal jurisdiction.

This matter is pending in Utah. Yet all parties reside or operate in Indiana, more than 1,500 miles away.[2] None of the Anthem employees who manage and handle payment of approved benefits claims under the Plan—the potential witnesses in this action—are based in Utah. (Kersey Decl. ¶ 11.) Thus, the situs of discovery is largely in the Southern District of Indiana.

Traveling to and from Utah would pose a significant burden for the witnesses who may be called at trial (which is a possibility even though this is an ERISA case) and Anthem's regular outside counsel, nearly all of whom are Indiana residents and none of whom resides in Utah.[3] (*Id.* ¶ 13.) The fastest air routes from Indianapolis to Salt Lake City take over five hours,[4] which does not account for time spent traveling to the airport, clearing security, taxiing, waiting for checked bags, and traveling via ground transportation after landing, which would add at least two hours, at minimum.[5] These extended travel times may also result in witnesses needing to travel

---

[2] Geography is "susceptible to judicial notice." *United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980).

[3] Not all ERISA denial-of-benefit cases are decided on the administrative record. *See, e.g.*, *Med Flight Air Ambulance, Inc. v. MGM Resorts Int'l*, No. 17-CV-0246 WJ/KRS, 2017 WL 5634116, at *6 (D.N.M. Nov. 22, 2017) (unpublished) (stating counsel's and witnesses' locations "weigh[ed] considerably against the Court's exercise of jurisdiction").

[4] Flight times are verifiable with certainty by reviewing the websites of airlines. *In re Telluride Income Growth LP*, 364 B.R. 407, 414 (B.A.P. 10th Cir. 2007) (finding matters that are verifiable with certainty are proper for judicial notice).

[5] It is generally known and accepted that travel time includes not only flight time, but also travel to the airport, going through security, and navigating baggage and ground transportation upon arrival. These facts are therefore appropriate for judicial notice. *Spillway Marina, Inc. v. United States*, 445 F.2d 876, 878 (10th Cir. 1971) ("Courts take judicial notice of facts which are generally known and accepted.").

to Utah an entire day ahead of their expected testimony and leave the following day (or, if witnesses are called later than expected, reschedule flights), causing undue disruptions to witnesses' work and personal lives.

Anthem does not have access to Utah-based counsel with the same level of pre-existing knowledge of its operations as its regular Indiana-based counsel has.[6] (*Id.* ¶ 14.) The undersigned also serve as counsel for Defenders in this matter. Counsel's travel to and from Utah would impose a significant burden on Defendants and the Court. It would make scheduling hearings inconvenient and would be unduly expensive for Defendants. *Med Flight*, 2017 WL 5634116, at *9. Counsel's travel to and from each hearing, overnight accommodations, and other routine expenses would cost Defendants' several thousand dollars in fees and costs. Even for hearings held telephonically or via videoconference, the two-hour time zone difference between Indianapolis and Utah could present scheduling difficulties.

### 3. The nature of the regulated activity does not weigh in favor of exercising jurisdiction.

The fifth *Peay* factor, the localized nature of the regulated activity, also weighs against exercising jurisdiction over Defendants, as Anthem maintains its headquarters in Indiana, the Plan was administered and had members in Indiana, and Plaintiffs were, at all relevant times, citizens and residents of Indiana. (Kersey Decl. ¶¶ 3, 8.)

---

[6] The Court should not give any weight to the fact that Defendants have engaged local counsel. They were required to do so to be represented before this Court solely because Plaintiffs filed suit in Utah. *Med Flight*, 2017 WL 5634116, at *6 (accepting as "abundantly obvious" defendant's statement that "*the only reason [it] was forced to retain counsel licensed to practice in New Mexico is because Plaintiff filed suit in New Mexico*" (emphasis in original)).

Anthem is an Indiana corporation. (*Id.* ¶ 3.) The Plan and its administrators are located in Indiana. (*Id.* ¶ 10.) Approved claims for health benefits are paid on behalf of the Plan by Anthem or Anthem vendors who are not located in Utah. (*Id.* ¶ 12.) Accordingly, the fifth *Peay* factor weighs against the exercise of jurisdiction over Defendants.

In sum, all five *Peay* factors weigh against this Court's exercise of personal jurisdiction over Defendants. The absence of connections between Defendants and Utah renders litigation in this forum so unduly burdensome, unfair, and inconvenient as to infringe upon the liberty interests of Defendants.

### C.    The burden on Defendants outweighs any purported federal interest of litigating in Utah.

The federal interest in litigating this case in Utah does not outweigh the significant burdens on Defendants. In deciding whether the federal interests outweigh the infringement of a defendant's liberty, courts consider "the federal policies advanced by the statute, the relationship between nationwide service of process and the advancement of these policies, the connection between the exercise of jurisdiction in the chosen forum and the plaintiff's vindication of his federal right, and concerns of judicial efficiency and economy." *Peay*, 205 F.3d at 1213 (quoting *Republic of Panama*, 119 F.3d at 948).

The only federal interest here arises from ERISA. Although ERISA authorizes nationwide service, "due process requires something more" for jurisdiction. *Peay*, 205 F.3d at 1211; *see also Walter B. v. Kaiser Found. Health Plan, Inc.*, No. 1:08-CV-00074, 2008 WL 11509906, at *2 (D. Utah Nov. 26, 2008) (unpublished) ("While ERISA may allow for national service of process, that was not intended to provide a vehicle for all plaintiffs nationwide to bring their claims in any district they deem most favorable.").

Here, Plaintiffs cannot show "something more." No events giving rise to this case have any connection to Utah beyond Plaintiffs' unilateral selection of a treatment facility there. Simply put, there is no federal benefit to litigating this case in Utah. Even if there were, any hypothetical benefit would be outweighed by the due process concerns implicated in requiring Defendants to litigate in a distant forum that bears no connection to the issues, parties, or potential witnesses in this case. *See Med Flight,* 2017 WL 5634116, at *10. Accordingly, this Court lacks personal jurisdiction over Defendants and should dismiss this lawsuit.

## II.     The Court should also dismiss this lawsuit for improper venue.

This action is also subject to dismissal under Federal Rule of Civil Procedure 12(b)(3) because Plaintiffs filed their claims in an improper venue under 29 U.S.C. § 1132(e)(2).

### A.     Legal Standard

Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes a court to dismiss a lawsuit if the court in which the plaintiffs filed the lawsuit is not a proper venue. Fed. R. Civ. P. 12(b)(3). Under Rule 12(b)(3), Plaintiffs bear the burden of establishing that "venue is proper as to each claim and as to each defendant." *Ewert v. Netpulse*, No. 2:17-CV-995-CW-BCW, 2018 WL 4083009, at *3 (D. Utah June 22, 2018) (unpublished) (quoting *Gwynn v. TransCor Am., Inc.*, 26 F. Supp. 2d 1256, 1261 (D. Colo. 1998)). On a Rule 12(b)(3) motion, the Court may consider facts outside the pleadings. *Hugger-Mugger, L.L.C. v. Netsuite, Inc.*, No. 2:04-CV-592TC, 2005 WL 2206128, at *3 (D. Utah Sept. 12, 2005) (unpublished). "If the defendant provides evidence that controverts the allegations in the complaint, the plaintiff must produce admissible evidence to counter the defendant's evidence." *Id.*

**B.      Venue is improper under each prong of the venue statute.**

Under ERISA, venue is proper in a district where (1) the plan is administered, (2) the breach took place, or (3) "a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Plaintiffs allege that venue is proper under 29 U.S.C. §§ 1132(e)(2) and 1391(c) "because Anthem does business in Utah, and the treatment at issue took place in Utah." (Compl. ¶ 7.) Those allegations do not make venue proper in this Court.

Plaintiffs do not (and cannot) contend the Plan is administered in this district. Anthem made decisions about coverage for M.L. in locations entirely outside of Utah. (Kersey Decl. ¶ 15.) Thus, venue is not proper under the first prong. *Danny P. v. Catholic Health Initiatives*, No. 1:14-cv-00022-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015) (unpublished) (finding proper venue in Utah doubtful where parties reside in another state where coverage decisions were made).

Plaintiffs also cannot establish proper venue under the second prong because "[t]he breach of an ERISA plan occurs at the place the policy holder resides and would have received benefits." *Rula A.-S. v. Aurora Health Care*, No. 2:19-cv-00982-DAO, 2020 WL 7230119, at *2 (D. Utah Dec. 8, 2020) (unpublished); *Island View Residential Treatment Ctr. v. Kaiser Permanente*, No. 1:09-cv-3, 2009 WL 2614682, at *2 (D. Utah Aug. 21, 2009) (unpublished) (finding venue improper where plaintiffs reside in another state where the ERISA plan contract was breached). Plaintiffs reside in Indiana, where any breach would have occurred.

Thus, venue is proper here only if either Defendant "resides or may be found" in Utah. 29 U.S.C. § 1132(e)(2). Venue is proper under this prong where personal jurisdiction exists over a defendant. *Peay*, 205 F.3d at 1210 n.3; *Brightway Adolescent Hosp. v. Hawaii Mgmt. All. Ass'n*,

11

139 F. Supp. 2d 1220, 1225 (D. Utah 2001). Thus, this district is a proper venue only if this Court has personal jurisdiction over Defendants, which it does not. (*Supra*, Argument, Part I).

Because the District of Utah is an improper venue for this action under Section 1132(e)(2), the Court should dismiss this action under Rule 12(b)(3).

### III.   In the alternative, the Court should transfer this lawsuit to the Southern District of Indiana.

If the Court does not dismiss this lawsuit, Defendants respectfully ask the Court to transfer this case to the Southern District of Indiana under 28 U.S.C. § 1404(a).

#### A.   Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In assessing whether to transfer a case under Section 1404(a), courts consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

**B.      In the alternative to dismissal, transfer is proper as this case has only a tenuous connection to Utah.**

Plaintiffs could have originally filed this action in the Southern District of Indiana. Anthem is headquartered in Indianapolis, which is in the Southern District of Indiana. (Kersey Decl. ¶ 3.) Venue is therefore proper in that district under the first and third prongs of 29 U.S.C. § 1132(e)(2). Applying the relevant factors establishes that the balance weighs strongly in Defendants' favor of transferring this action to the Southern District of Indiana.

**1.      Plaintiffs' choice of forum should be given little weight.**

The Court should afford little, if any, weight to Plaintiffs' chosen forum because neither Plaintiffs nor any Defendant is a citizen or resident of Utah. While courts ordinarily defer to a plaintiff's chosen forum unless the balance of factors weighs strongly in favor of transfer, a plaintiff's choice has less force if the plaintiff does not reside in the district or the forum has little connection with the operative facts of the case. *Richard T.B.*, 2019 WL 145736, at *2; *Island View Residential*, 2009 WL 2614682, at *3.

Plaintiffs' choice of forum is not entitled to deference because (1) Plaintiffs live in Indiana and (2) their unilateral selection of Turn-About Ranch for treatment in Utah does not establish a sufficient connection to the state. (Compl. ¶¶ 1–3); *see Michael M. v. Nexsen Pruet Grp. Med. & Dental Plan*, No. 2:17-CV-1236 TS, 2018 WL 1406600, at *5 (D. Utah Mar. 19, 2018) (unpublished) (deciding the facts had no "material relation or significant connection to Utah" where plaintiff was treated in Utah and a Utah company conducted an external review of the claims); *Island View Residential*, 2009 WL 2614682, at *3 (determining there was "little or no connection between the operative facts relating to coverage and this forum" where plaintiff was treated in Utah and a claims administrator communicated with the Utah provider). Nor does

Plaintiffs' selection of counsel in Utah establish a meaningful connection to Utah. *Danny P.*, 2015 WL 164183, at *2.

> ### 2.   The relevant witnesses and Plan documents are most accessible in the Southern District of Indiana.

The convenience of witnesses is generally the most important factor. *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010). In ERISA cases, this factor "is not as important since a court's review . . . is generally limited to the administrative record," *Michael M.*, 2018 WL 1406600, at *6. When witnesses are required, "the relevant witnesses in ERISA cases are those involved in administering the plan and denying the claims." *Rula A.-S.*, 2020 WL 7230119, at *4. Generally, a showing of inconvenience requires evidence of (1) the identity and locations of witnesses; (2) "the quality or materiality" of their testimony; and (3) the witnesses' unwillingness to appear at trial, that depositions would be insufficient, or that compulsory process is needed to secure their attendance. *Bartile Roofs*, 618 F.3d at 1169 (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)). But, even if a defendant does not provide this information, the Court can make a "common sense conclusion" that "Utah would be an inconvenient forum for any potential witnesses" when the operative facts occurred elsewhere. *Michael M.*, 2018 WL 1406600, at *6.

Litigating in this district would seriously inconvenience the parties and any witnesses, should they become necessary, as no witnesses or documents are in Utah. *David L. v. McGraw-Hill Cos. Grp. Health Plan*, No. 1:13-CV-00176 DS, 2014 WL 1653197, at *2 (D. Utah Apr. 23, 2014) (unpublished) (finding transfer warranted where "it seems unlikely that any relevant witnesses or supplemental documents will be found in Utah"); *Walter B.*, 2008 WL 11509906, at *2 (finding transfer warranted where the documentary evidence and proper parties were all in

another state). The Plan is administered in Indiana, where the Plan's documents are located. (Kersey Decl. ¶¶ 8–9.) None of Anthem's employees involved in administering the Plan are in Utah. (*Id.* ¶ 11.) None of the decisions relevant to this case were made in Utah, and none of the relevant documents are located in Utah. (Compl. ¶¶ 1–2.) This factor weighs strongly in favor of transfer.

### 3.      The cost of making needed proof, the ease of enforcing a judgment, and obstacles to a fair trial weigh in favor of transfer.

The total cost of trying this case will be lowest in the Southern District of Indiana because all parties to this action are located there. Any judgment against either Defendant would be easiest to enforce in Indiana where Defendants are located. *See Michael M.*, 2018 WL 1406600, at *6. A trial subpoena issued from the District of Utah cannot compel any witnesses located in Indiana to appear and testify at trial, potentially resulting in an unfair trial. Fed. R. Civ. P. 45(c)(1)(A). These factors weigh in favor of transfer to the Southern District of Indiana. *Chrysler Credit*, 928 F.2d at 1516.

### 4.      While the conflicts of law factor is neutral in a federal question case, if state law issues arise, Indiana law will govern.

Because this case involves the application of federal law, "questions arising in the areas of conflicts of law or local law will not occur in this case." *Michael M.*, 2018 WL 1406600, at *6. To the extent state law may apply, the Plan requires the application of Indiana law. (Kersey Decl., Ex. A at M-20, M-113.); *Ellis v. Liberty Life Assurance Co. of Boston*, 958 F.3d 1271, 1275 (10th Cir. 2020) (applying Pennsylvania choice-of-law provision in plan to determine enforceability of a discretion-granting provision). Thus, this factor weighs in favor of transfer. *Richard T.B.*, 2019 WL 145736, at *4.

15

### 5.      The interests of justice weigh in favor of transfer.

Not only do the above factors weigh strongly in favor of finding that Utah is an inconvenient forum, but the interests of justice also warrant transfer. "[C]onvenience is not the only policy underlying § 1404(a): the interest of justice in the proper venue should not be forgotten." *Danny P.*, 2015 WL 164183, at *3. Where all of the parties reside in another district, the plan was not administered, adjudicated, or allegedly breached in Utah, and all of the operative facts are centered in another locale, the interests of justice "strongly favor" transfer. *Michael M.*, 2018 WL 1406600, at *7; *see Walter B.*, 2008 WL 11509906, at *2.

The interests of justice strongly favor transfer because (1) all parties reside in Indiana, (2) the employer was located in Indiana, and the Plan was administered, adjudicated, and allegedly breached by an entity headquartered in Indiana, and (3) the operative facts are centered in Indiana, except for M.L.'s treatment, which Plaintiffs themselves selected.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court dismiss this action under Rules 12(b)(2) and 12(b)(3) or, in the alternative, transfer this action to the United States District Court for the Southern District of Indiana under 28 U.S.C. § 1404(a).

DATED this 25th day of June, 2021.

**FROST BROWN TODD LLC**

*Kandi Kilkelly Hidde*
KANDI KILKELLY HIDDE, *pro hac vice*


**JONES WALDO HOLBROOK & McDONOUGH, PC**

*Mark D. Tolman (with permission)*
MARK D. TOLMAN

*Attorneys for Anthem Insurance Companies, Inc., and Defenders Inc. Medical Benefits Plan*

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of June, 2021, a true and correct copy of the foregoing **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT** was served on the following via the Court's CM-ECF filing system:

Brian S. King
Brent J. Newton
Samuel M. Hall
BRIAN S. KING, P.C.
420 East South Temple, Suite 420
Salt Lake City, UT  84111
brian@brianking.com


_Kandi Kilkelly Hidde_
Kandi Kilkelly Hidde

4839-1253-2712v2

18